Matthew F. McLean
CROWLEY FLECK PLLP
1915 S 19th Avenue
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone: 406.556.1430
Email: mmclean@crowleyfleck.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| BURNS & MCDONNELL ENGINEERING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CALUMET MONTANA REFINING, LLC and MONTANA RENEWABLES, LLC, <br><br> Defendants. | Case No. CV-23-36-GF-BMM-JTJ <br><br> **COMPLAINT** |

Plaintiff, Burns & McDonnell Engineering Company, Inc. ("Burns & McDonnell"), files this Complaint against Defendants Calumet Montana Refining, LLC ("Calumet") and Montana Renewables, LLC ("Montana Renewables"). Calumet and Montana Renewables are sometimes collectively referred to as the "Calumet Entities." For its causes of action Burns & McDonnell states and alleges as follows:

## PARTIES

1. Plaintiff Burns & McDonnell Engineering Company, Inc. is a Missouri corporation with its principal place of business located at 9400 Ward Parkway, Kansas City, Missouri 64114.

2. Defendant Calumet Montana Refining, LLC is a limited liability company, organized under the laws of Delaware, with its principal place of business located at 1807 3rd Street NW, Great Falls, Montana 59404 and, alternatively, at 2780 Waterfront Parkway E Dr. STE 200, Indianapolis, Indiana 46214. Calumet Montana Refining, LLC may be served through its registered agent, CT Corporation System, at 3011 American Way, Missoula, Montana 59808.

3. Defendant Montana Renewables, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business located at 1807 3rd Street NW, Great Falls, Montana 59404 and, alternatively, at 2780 Waterfront Parkway E Dr. STE 200, Indianapolis, Indiana 46214. Montana Renewables, LLC may be served through its registered agent, CT Corporation System, at 3011 American Way, Missoula, Montana 59808.

## VENUE AND JURISDICTION

4. The Calumet Entities transacted business in Montana, own land in Montana and executed a contract with Burns & McDonnell for work to be

performed in Great Falls, Montana. The Calumet Entities are subject to the jurisdiction of this Court.

5.  This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because the present dispute is between residents of different states and the amount in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.  Venue is proper within this judicial district by virtue of 28 U.S.C. §1391 because all or a substantial part of the acts, omissions, and events that gave rise to this claim took place within this judicial district.

## FACTS COMMON TO ALL COUNTS

7.  On August 31, 2021, Calumet executed a contract with Burns & McDonnell (the "EPC Contract") pursuant to which Burns & McDonnell was to engineer, procure, and construct certain energy related facilities on Calumet's property in Great Falls, Cascade County, Montana ("Property"). A true and accurate copy of the EPC Contract is attached as Exhibit A and incorporated herein by reference.

8.  The Property is more particularly defined in the legal description accompanying Burns & McDonnell's Construction Lien. Burns & McDonnell recorded a Construction Lien on May 2, 2023, then recorded an Amended

Construction Lien on June 26, 2023. A true and accurate copy of the Amended Construction Lien is attached as Exhibit B and incorporated herein by reference.

9. Effective November 18, 2021, Calumet assigned the EPC Contract to its affiliate, Montana Renewables, as contemplated by GC-25.2 of the EPC Contract.

10. Pursuant to the terms of the EPC Contract, Burns & McDonnell provided labor, material, services, and equipment for the construction of the Renewable Diesel Conversion project and the associated H2 Plant and Pretreatment Unit projects (collectively the "Project").

11. Specifically, Burns & McDonnell provided engineering, procurement and construction services consisting of conversion of the Calumet Great Falls Mild Hydrocracker to a Renewable Diesel Unit, reconfiguring other units, such as but not limited to the hydrotreater, to continue producing products from crude oil and petroleum feedstocks, and adding or modifying the H2 Plant and Pretreatment Unit and other equipment and units to support the reconfigured facilities located on the Property (the "Work").

12. Burns & McDonnell timely performed its Work in a good and workmanlike manner.

13. Burns & McDonnell fully invoiced the Calumet Entities for its Work on the Project, totaling $231,829,466.13.

14. To date, the Calumet Entities have only paid Burns & McDonnell $214,760,796.58, leaving the remaining balance of $17,068,669.55 due and owing.

15. Burns & McDonnell has demanded final payment from the Calumet Entities for these outstanding sums.

16. The Calumet Entities have refused to make payment to Burns & McDonnell for the remaining amounts due.

17. Burns & McDonnell has incurred and will continue to incur reasonable attorneys' fees as a result of the Calumet Entities' failure to pay the sum of $17,068,669.55.

## COUNT I
## Breach of Contract

18. Burns & McDonnell incorporates by reference all preceding paragraphs as though fully set forth herein.

19. Burns & McDonnell satisfactorily completed its Work.

20. The Calumet Entities have accepted the benefit of Burns & McDonnell's Work.

21. The Calumet Entities breached the EPC Contract by failing to make timely payment for Burns & McDonnell's Work.

22. As a result of the Calumet Entities' breach, Burns & McDonnell has incurred damages in the principal amount of $17,068,669.55.

## COUNT II
## Violation of the Montana Prompt Pay Act
## (Mont. Code Ann. § 28-2-2101 *et seq.*)

23. Burns & McDonnell incorporates by reference all preceding paragraphs as though fully set forth herein.

24. Pursuant to Mont. Code Ann. § 28-2-2101 et seq., the Calumet Entities were required by law to make timely payments to Burns & McDonnell according to the terms of the EPC Contract.

25. The Calumet Entities failed and refused to make such payments to Burns & McDonnell according to the terms of the EPC Contract.

26. The principal balance of $17,068,669.55 remains due and owing to Burns & McDonnell.

27. The Calumet Entities are liable for prompt pay damages, including attorney fees and enhanced statutory interest at a rate of one and one-half percent (1.5%) per month, for their failure to timely pay Burns & McDonnell associated with these amounts.

28. Attorney fees and interest continue to accrue.

## COUNT III
## Unjust Enrichment (*Implied in Law*) / Quantum Meruit (*Implied in Fact*)

29. Burns & McDonnell incorporates by reference all preceding paragraphs as though fully set forth herein.

30. In the event the Court finds that any portion of Burns & McDonnell's Work was not performed pursuant to the written EPC Contract, Burns & McDonnell, in the alternative, seeks to recover in quantum meruit on the grounds of unjust enrichment.

31. The Calumet Entities requested and Burns & McDonnell furnished valuable labor, equipment, and materials for the benefit of the Project.

32. Burns & McDonnell provided valuable work, including labor, equipment, and materials for the benefit of the Project and expected to be paid for such work at the time Burns & McDonnell provided the Work.

33. The labor, equipment, and materials were furnished with the knowledge and consent of the Calumet Entities and ultimately accepted by the Calumet Entities.

34. Burns & McDonnell performed such Work under circumstances that reasonably notified the Calumet Entities of Burns & McDonnell's expectation to receive payment from the Calumet Entities.

35. Burns & McDonnell performed work for the Calumet Entities with a total value of $231,829,466.13 and timely invoiced the Calumet Entities.

36. To date, the Calumet Entities has paid Burns & McDonnell $214,760,796.58 for the Work, leaving a balance due Burns & McDonnell of

$17,068,669.55, representing the fair and reasonable value of the unpaid labor, equipment, and materials.

37. The Calumet Entities has acknowledged and benefited from Burns & McDonnell's provision of labor, materials and use of equipment under circumstances that would unjustly enrich the Calumet Entities if they are not required to pay for the full and reasonable value of the labor and materials.

## COUNT IV
## Foreclosure of Construction Lien

38. Burns & McDonnell incorporates by reference all preceding paragraphs as though fully set forth herein.

39. Calumet is the fee simple Owner of the Property.

40. Burns & McDonnell performed its first work on the Project on April 19, 2021.

41. By May 1, 2023, all of Burns & McDonnell's Work, including labor, equipment, and materials, was furnished to, used, and consumed, or actually entered into the construction of the buildings, appurtenances and improvements on the Property.

42. On or about May 2, 2023, Burns and McDonnell had outstanding and unpaid invoices totaling $16,886,842.00.

43. On or about May 2, 2023, Burns & McDonnell recorded its Construction Lien with the Clerk and Recorder of Cascade County, Montana, prior

to submittal of its final billings for its work associated with improving the Property.

44.  On June 20, 2023, Burns & McDonnell submitted its final invoicing for its Work, resulting in a net increase of the amounts owed to Burns & McDonnell of $181,827.55, in addition to the $16,886,842.00 previously invoiced and unpaid, for a total value of $17,068,669.55 remaining due and owing.

45.  On or about June 26, 2023, Burns & McDonnell recorded its Amended Construction Lien with the Clerk and Recorder of Cascade County, Montana.

46.  The Calumet Entities have failed and refused to pay Burns & McDonnell the sums due.

47.  Burns & McDonnell is entitled to an order foreclosing its Amended Construction Lien on the Property, including but not limited to its improvements and leasehold term (pursuant to Mont. Code Ann. §71-3-542(4)) and ordering the Property, including but not being limited to the improvements and leasehold term, to be sold by the Sheriff of Cascade County to satisfy the Construction Lien.

48.  Burns & McDonnell is entitled to an order holding that the Amended Construction lien supersedes and has priority over all other interests in the Property.

49. In the event there is a deficiency, Burns & McDonnell is entitled to have judgment against the Calumet Entities for such deficiencies.

50. Burns & McDonnell also is entitled to recover its cost of action and attorney's fees as allowed by Montana law.

## PRAYER FOR RELIEF

WHEREFORE, Burns & McDonnell request that the Court grant the following relief:

1. Enter judgment in favor of Burns & McDonnell and against Calumet Montana Refining, LLC and Montana Renewables, LLC, jointly and severally, on all claims asserted in this Complaint.

2. Enter judgment in favor of Burns & McDonnell and against Calumet Montana Refining, LLC and Montana Renewables, LLC, jointly and severally, for $17,068,669.55, plus pre-judgment interest, post-judgment interest on all sums, reasonable attorneys' fees and costs.

3. Declare that Burns & McDonnell's Amended Construction Lien interest in the Property supersedes and has priority over all other interests in the Property.

4. Enter judgment and decree that the Amended Construction Lien is valid and issue an order foreclosing the Amended Construction Lien on the Property, including but not limited to its improvements and leasehold term

(pursuant to Mont. Code Ann. §71-3-542(4)) and ordering the Property, including but not being limited to the improvements and leasehold term, to be sold by the Sheriff of Cascade County to satisfy the Construction Lien.

5. Award Burns & McDonnell pre-judgment and post-judgment interest, together with reasonable attorney's fees and costs, as allowed by Montana law.

6. Grant such other and further relief as the Court deems just and proper.

DATED this 29th day of June, 2023.

CROWLEY FLECK PLLP

/s/ *Matthew F. McLean*
Matthew F. McLean
P.O. Box 10696
Bozeman, MT 59719-0969
*Attorneys for Plaintiff*